IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIAM T. BUSICK**                                                                             **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO. 3:02CV483LS**

**CITY OF MADISON,** *ET AL.*                                                 **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Proceed with Depositions and Discovery, by which he seeks leave to proceed with discovery as outlined in the Federal Rules of Civil Procedure and an order requiring the Defendants to make pre-discovery disclosures. This is a case brought by a prisoner in state custody pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. Such cases are exempt from the disclosure requirements of most civil cases. Fed. R. Civ. P. 26(a)(1)(E)(iii). They are also exempt from the attorney conference and the rules regarding the timing and sequence of discovery. R. 26(d), (f); Unif. Local R. 16.1(B)(1), (D); 26.1(A)(1), (4).

Instead, the court's practice in these cases is to hold a hearing in accordance with the Fifth Circuit's directive in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). After that hearing, at which the prisoner is permitted to testify regarding his claims, the court will make a preliminary determination as to whether the claims should be dismissed as frivolous under 28 U.S.C. § 1915(d). *See Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991). Such a hearing could not be set in this matter while an appeal was pending, but will now be set on the earliest available date. There is no right to discovery before the hearing, and the court may dismiss a complaint at that stage without affording any discovery to the prisoner. *Martinez v. Johnson*, 103 Fed. Appx. 531, 532 (5th Cir.

2004).  If, however, the claims survive the *Spears* hearing, then the court will determine what discovery is necessary for the prisoner to advance his case and enter an order requiring the Defendants to provide that discovery to the prisoner.  Thus, the Plaintiff's Motion to Proceed with Depositions and Discovery is premature and will be denied at this time.

    IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Proceed with Depositions and Discovery is hereby **denied**.

    IT IS SO ORDERED, this the 3rd day of May, 2006.


                                                 S/James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE