**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**WILLIAM T. BUSICK**                                                  **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 3:02CV483LS**

**CITY OF MADISON,** *ET AL.*                                 **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 6th day of June, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Rebecca Cowan and Saundra Brown. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

    **1. JURISDICTION AND SUMMARY OF CLAIMS**.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. During the hearing, the parties executed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge, and this matter was referred to the undersigned by an Order entered by District Judge Tom S. Lee on June 13, 2006. This case has a long history, which has been reviewed in prior Orders and Reports and Recommendations, and several of the claims originally brought by the Plaintiff have been dismissed.

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

One purpose of this hearing was to determine which claims are remaining. After reviewing the record and questioning the Plaintiff, the undersigned finds that the following claims remain in this action:

1) Against Defendants Trowbridge, Womack, Thompson, Kiner, Perry, Esco and Cheers -- claims of denial of access to the court, failure to protect, interference with mail, and restriction of his religious freedom.

2) Against Defendant Neal -- claim of breach of promise of leniency in return for the Plaintiff's providing information on another crime.

After the Omnibus Hearing was held in this case, it was determined that Busick no longer qualified for *in forma pauperis status*, having had three or more cases dismissed as frivolous. 28 U.S.C. § 1915(g). His IFP status was revoked in other cases; however, that finding did not affect this matter, as Busick paid his filing fee in this case. Busick has now attempted to add other Defendants to this matter, including various employees of the Mississippi Department of Corrections and other Defendants who were initially named in this lawsuit, but later dismissed with prejudice. The Motions seeking that relief will be denied.

Permitting Busick to continue to piggyback later claims against defendants from a different institution would frustrate the intent of the Prison Litigation Reform Act of 1995, 110 Stat. 1321-73, as amended ("PLRA"). The legislative history of the PLRA clearly demonstrates that its purpose was to slow the growth of conditions of confinement cases filed by prisoners, which, according to evidence presented to Congress during the debate on the Act, had risen from 6,600 in 1975 to more than 39,000 by 1994. 141 Cong. Rec. S7498-01, *S7524. Accordingly, the Act requires prisoners seeking to litigate in federal court without the prepayment of costs to submit an application for *in*

*forma pauperis* status, and also requires them to risk losing that status if three such cases are dismissed as frivolous.  28 U.S.C. § 1915.

The court simply cannot allow an inmate with a history of frivolous litigation to file one lawsuit and transform it into a vehicle for continuous litigation against every prison official with whom he comes in contact during his incarceration.  The claims against these parties would not properly be joined in one lawsuit, in any event, because they do not meet the requirements of Fed. R. Civ. P. 20.  Busick attempts to circumvent these requirements by arguing that these later defendants are conspiring with the defendants in his original lawsuit.  There is no evidence to support that claim other than his speculation and conjecture.  The court cannot permit any inmate to wage a unending war against the penal system by filing one case and then accusing every official against whom he later has a complaint of conspiracy.  Busick will not be permitted to add the MDOC employees to this lawsuit.

Busick also seeks to add David Scott Dufour and "the Madison Defendants" to this action. The claims against Dufour were addressed on pages 4-5 of the Report and Recommendation issued by the now-retired United States Magistrate Judge Alfred G. Nicols, Jr. on September 6, 2005, and Judge Nicols recommended dismissal of those claims.  That recommendation was adopted by District Judge Tom S. Lee, who entered a Judgment in Dufour's favor on September 22, 2005, dismissing those claims with prejudice.  That dismissal with prejudice remains the law of the case, and it precludes further prosecution of these claims against Dufour unless it is reversed by a higher court.  The court cannot determine which other "Madison Defendants" Busick seeks to add as Defendants; however, no person who was dismissed from the case by Judge Lee can be re-introduced as a defendant in this matter.

**2.     DISCOVERY ISSUES and PENDING MOTIONS**.

Having carefully reviewed the claims in this case, the court is of the opinion that the following records should be produced by the Defendants, in order to aid in the resolution of this cause:

1. The Plaintiff's entire jail file, including any reports regarding the Plaintiff, particularly with regard to the incidents involving the Plaintiff and Paul Smith or Eric Van Buren.

2. A copy of (or written summary attested to by an official in charge of implementing) any policy(ies) of the Madison County Detention Center in effect during the Plaintiff's incarceration regarding indigent postage.

3. A copy of (or written summary attested to by an official in charge of implementing) any policy(ies) of the Madison County Detention Center in effect during the Plaintiff's incarceration regarding delivery of religious material.

4. Any documentation regarding the indictment for credit card fraud that is the subject of the Plaintiff's claim against John Neal, including the disposition of that charge.

This information shall be provided to the court and to the Plaintiff by July 31, 2006. There are no other discovery matters pending, and no further discovery will be permitted, except as set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

### 3.     TRIAL WITNESSES

The Plaintiff requested that five witnesses, thought to be incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter. In commanding the attendance of witnesses at trial, the court must balance the interests of a plaintiff in proving his case against the security risk and expense of transporting prisoners. Typically, the court allows no more than three inmate witnesses. Having reviewed the anticipated testimony of each of Busick's proposed witnesses, the court finds that their testimony will be cumulative, in that each is expected to testify either about the assaults alleged by Busick, the withholding of mail, or a combination of the two. Therefore, Busick will be required to submit a revised list of witnesses, containing no more than three names of inmates, on or before July 31, 2006.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

### 4.     PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for filing motions in this action is August 31, 2006. A trial will be scheduled for this case, if necessary, after rulings are entered on any dispositive motions.

IT IS FURTHER ORDERED that the following Motions are hereby **denied**:

1. Motion to Enter Supplemental Pleadings;

2. Motion to Stay Proceedings; Motion for Order Requiring MDOC to Comply with Administrative Procedures; and

3. Motion for Service of Process; Motion to Enter Supplemental Complaint.

IT IS SO ORDERED, this the 14th day of July, 2006.

                                        s/James C. Sumner
                                 UNITED STATES MAGISTRATE JUDGE